Jara-Jara v. Garland

BIA
Laforest, IJ
A209 138 008

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand twenty-four.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

JUAN DIEGO JARA-JARA,
> *Petitioner,*

v.                                                        **21-6553**
                                                         **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                    Michael Borja, Esq., Borja Law Firm, P.C., Jackson Heights, NY.

FOR RESPONDENT:                    Brian M. Boynton, Principal Deputy Assistant Attorney General; Edward E. Wiggers, Dawn S. Conrad, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Juan Diego Jara-Jara, a native and citizen of Ecuador, seeks review of a September 21, 2021, decision of the BIA affirming a February 7, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum.[1]  *In re Juan Diego Jara-Jara*, No. A209 138 008 (B.I.A. Sept. 21, 2021), *aff'g* No. A209 138 008 (Immig. Ct. N.Y. City Feb. 7, 2019).  We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as modified by the BIA.  *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005).

---

[1] Jara-Jara does not challenge the BIA's determination that he waived his claims for withholding of removal and protection under the Convention Against Torture, so we do not reach those issues.  *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023).

We review factual findings for substantial evidence and questions of law and application of law to fact *de novo*. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

An applicant for asylum "must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i). "To succeed on a particular social group claim, the applicant must establish both that the group itself was cognizable, and that the alleged persecutors targeted the applicant on account of her membership in that group." *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (quotation marks and citation omitted). "In cases where there is more than one motive for mistreatment (also known as mixed-motive cases), . . . an applicant's status as a member of a particular social group . . . must be at least one of the central reasons, rather than a minor reason, for why that individual is being targeted." *Garcia-Aranda v. Garland*, 53 F.4th 752, 757 (2d Cir. 2022); *see also Castro v. Holder*, 597 F.3d 93, 103 (2d Cir. 2010).

The agency did not err in determining that Jara-Jara failed to meet that

burden. His proposed social group consisted of relatives of his cousin. The agency reasonably concluded that, even assuming this group was cognizable, he failed to establish a nexus between the harm he suffered and fears and his membership in the group because his testimony demonstrated that gang members targeted him to gain financial resources and members rather than for any "animus toward" his cousin's family. *Garcia-Aranda*, 53 F.4th at 758 (agreeing that applicant failed to establish a nexus between harm she and her family suffered and her family membership where a gang targeted her business-owning family based on the family's perceived wealth rather than animus against the family); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the [Immigration and Nationality Act].").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court